USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2020



**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

NELSON R. LEESE
*Senior Counsel*
Phone: (212) 356-4361
Fax: (212) 356-3509
Email: nleese@law.nyc.gov

March 31, 2020

**VIA ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Robert J. Ortiz v. Detective Raymond Low, et al.,
     19 Civ. 3522 (AJN) (SDA)

Your Honor:

I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for interested party New York City Corporation Counsel to the above-referenced case. I respectfully write in response to Your Honor's February 13, 2020 Order that "[t]his matter will remain stayed until Tuesday, March 31, 2020, on which date the City shall file a letter advising the Court as to the status of the NYPD administrative trial" Docket No. 60. At this time, the City respectfully requests a continuation of the stay by 90 days in this case for two independent reasons. The undersigned has not sought the *pro se* plaintiff's position on this application.[1]

First, I reached out to a representative of the CCRB Administrative Prosecution Unit today by telephone. This attempt was unsuccessful and, in light of the ongoing public health emergency, the undersigned does not expect to hear back from the CCRB representative today. However, the CCRB representative previously stated to me that she would inform me when the NYPD administrative trial was concluded. To date, I have not received any such notification. Moreover, on information and belief, it is unlikely that an administrative trial would be scheduled or conducted during this public health emergency. For these reasons, the undersigned believes it is most likely that the NYPD administrative trial is still pending.

---

[1] For reasons set forth more fully in this letter, it would be logistically difficult, at present, for the undersigned to correspond with the plaintiff by regular U.S. Mail. Accordingly, the undersigned respectfully requests that the Court excuse the failure to obtain the plaintiff's position and to direct the Clerk of Court to mail a courtesy copy of this application to the *pro se* plaintiff.

Second, as the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, corresponding with incarcerated *pro se* plaintiffs—as in this case—is particularly difficult in the context of a work from home situation, because the normal course of communication with these individuals is through regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from incarcerated *pro se* plaintiffs. Moreover, working from home also complicates sending correspondence to incarcerated *pro se* plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.

Working from home also creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD") and the Civilian Complaint Review Board ("CCRB"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation

surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances, follow up with CCRB regarding the status of the NYPD administrative trial by an appropriate date, and update the Court regarding the same.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

/s/ *Nelson R. Leese*

Nelson R. Leese
Senior Counsel
Special Federal Litigation Division

Request GRANTED in part. The stay in this action shall continue an additional 90 days, until June 29, 2020. The City shall file a letter on June 29, 2020 advising the Court the status of the NYPD administrative trial. However, if the City learns from the CCRB prior to June 29, 2020 that a decision has been reached, the City shall advise the Court by letter, with a copy to *pro se* Plaintiff, no more than 72 hours later. In addition, with respect to footnote 1, although my chambers staff will mail a copy of this endorsed letter to *pro se* Plaintiff, the Court expects the City to handle its own mailings. My chambers staff, as well as the clerks office, are also working remotely and cannot be relied upon to effectuate service. Chambers will mail a copy of this memo endorsement to the *pro se* Plaintiff. SO ORDERED.
Dated: April 1, 2020