UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Ortiz,

                              Plaintiff,

-against-

Police Department of the 25th Precinct et al.,

                             Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2021

1:19-cv-03522 (LJL) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff.

**LEGAL STANDARDS**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis* (IFP), which the Court granted. (*See* Order, ECF No. 5.) Plaintiff therefore qualifies as indigent. On July 25, 2019, Plaintiff moved for appointment of pro bono counsel. (App. for the Court to Request Counsel, ECF No. 18.) On August 13, 2019, the Court denied that motion "without prejudice to renewal at a later date." (Order, ECF No. 19.) The Court now renews that motion *sua sponte*.

Plaintiff, an inmate at the Auburn Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, four current or former Detectives with the New York City

Police Department, used excessive force and subjected him to an unlawful search during the course of his arrest on August 18, 2017. The arrest underlying Plaintiff's claims was the subject of an NYPD administrative trial of Defendants Cordova, Low and Reynoso held in March and April 2021. Based on this, and on the court filings to date in the instant civil case, the Court finds that Plaintiff's claims "seem[] likely to be of substance." *Hodge*, 802 F.2d at 61.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. In particular, Plaintiff, who is incarcerated, is limited in his ability to investigate the facts and present his case. Moreover, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## **CONCLUSION**

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://www.nysd.uscourts.gov/sites/default/files/pdf/ProBonoFundOrder.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

DATED: New York, New York
May 27, 2021

_____
STEWART D. AARON
United States Magistrate Judge