UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:___08/17/2022         │
└─────────────────────────────────┘
```

ROBERT ORTIZ,

**STIPULATION AND ORDER OF CONFIDENTIALITY**

                                          Plaintiff,

19-CV-3522 (LJL)) (SDA)

                        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE DEPARTMENT OF THE 25TH PRECINCT, DETECTIVE RAYMOND LOW, in his individual and official capacities, DETECTIVE XAVIER REYNOSO, in his individual and official capacities, DETECTIVE MANUEL CORDOVA, in his individual and official capacities, DETECTIVE GREGORY CARTY, in his individual and official capacities,

                                          Defendants.

----------------------------------------------------------------------- x

      **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties in the above-captioned action intend to produce certain documents that they deem to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, the parties will only produce these documents if appropriate protection for their confidentiality is assured; and

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and defendants, as follows:

      1.    As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned  Robert Ortiz v. City of New York et al., 19-cv-3522 (LJL) (SDA).

2.      As used herein, "Confidential Materials" shall mean: (a) New York City Police Department personnel and disciplinary related records, and records of investigations regarding the conduct of Members of Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) documents that the parties agree in writing should be designated "Confidential Materials" based on a good faith belief that they should be treated as "Confidential Materials;" and (c) documents designated by the Court as confidential.

3.      As used herein, "Producing Party" shall mean the party requesting that a particular document, materials, or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein for that document or materials.

4.      The documents and information as defined in paragraph "2" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by the Receiving Party from sources other than the Producing Party, or (b) otherwise publicly available.

5.      In order to designate documents or other material as "Confidential" within the meaning of this Stipulation of Confidentiality and Protective Order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number, or other method reasonably calculated to give notice of the confidentiality designation in a writing directed to all parties' counsel.  The Producing Party reserves the right to designate any document confidential pursuant to this agreement, if necessary, after production of such documents to the Receiving Party.

6.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7.      If the Receiving Party objects to the designation of any particular document as Confidential Material, the Receiving Party shall state such objection in writing to the Producing Party, and the parties shall in good faith attempt to resolve such objection.  If the objection cannot be resolved among the parties, the Receiving Party, within 30 days of the initial objection, may request that the Court remove the designation, in accordance with the Court's individual practices.  Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

8.      Counsel for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.      Disclosure may also be made to an expert, consultant and/or investigator who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.      Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d.      Disclosure of medical records deemed "Confidential" under this Stipulation may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

e.      Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's counsel shall provide each such person with a copy of this Protective Order, and such person shall consent, in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense or settlement of the action and not to make further disclosure of the Confidential Materials, except in testimony taken in the action. The counsel for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's counsel upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

9.      The Producing Party may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition

that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by defendants or that party's counsel.

10.     Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first give all other parties a reasonable opportunity to review the Confidential Materials or confidential information that the party seeks to file. If the parties agree in writing to the public filing of the Confidential Materials or confidential information, such information will no longer be subjected to the instant protective order.  If, however, after reviewing the Confidential Materials or information, any party believes that such documents or information should be filed under seal, that party shall, in accordance with the Local Rules and the Court's individual practices, make an application to Court requesting that the Confidential Materials or confidential information be filed under seal. In any event, no materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

11.     Nothing in this Stipulation shall be construed to limit a producing party's use of their own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to the producing party through other lawful means, such as a FOIL request.

12.     This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

13.     This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

14.     The Court shall have jurisdiction to enforce the terms of this protective order and any party may move the Court for expedited relief for an alleged breach of the terms of this protective order.

15.     This Stipulation and Order of Confidentiality and Protective Order may be executed in counterparts (including emailed .pdf or facsimile), each of which will be deemed an original, and all of which, when taken together, will be deemed the complete agreement.

Dated:      August 16    , 2022
            New York, New York

CHRISTOPHER J. CASSAR, ESQ.
The Cassar Law Firm, P.C.
*Attorney for Plaintiff*
13 East Carver Street
Huntington Village, New York 11743


By: ___/s/ Christopher J. Cassar___
         Christopher J. Cassar

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
     City of New York
*Attorney for Defendants City of New York,*
    *Low, Reynoso, Cordova and Carty*
100 Church Street, Room 3-166
New York, New York 10007

By: /s/ *Katherine J. Weall*
_____
       Katherine J. Weall
       *Senior Counsel*


SO ORDERED:

_____
HON.  STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE

Dated: __August 17___, 2022

- 7 -

**EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Southern District of New York dated _____, in the action entitled Robert Ortiz v. City of New York et al., 19-cv-3522 (LJL) (SDA), and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.


_____                    _____

                Date                                                          Signature


                                                                   _____

                                                                          Print Name


                                                                   _____

                                                                          Occupation